IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| **KOSURU ASSOCIATES, LLC**<br>**3438 RIVERSIDE DRIVE**<br>**MASON, OH 45040**<br><br>**AND**<br><br>**KOSURU PROPERTIES, LLC**<br>**3438 RIVERSIDE DRIVE**<br>**MASON, OH 45040**<br><br>   **Plaintiffs,**<br><br>**-vs.-**<br><br>**FRANKENMUTH INSURANCE COMPANY**<br>**c/o ANDREW H. KNUDSEN, PRESIDENT**<br>**ONE MUTUAL AVENUE**<br>**FRANKENMUTH, MICHIGAN 48787**<br><br>**Please Also Serve:**<br>**Frankenmuth Insurance Company**<br>**CT Corporation System**<br>**4400 Easton Commons Way, Suite 125**<br>**Columbus, Ohio 43219**<br><br>   **Defendant.** | Case No: 1:23-CV-782<br><br>Judge:<br><br><br>**COMPLAINT WITH**<br>**JURY DEMAND**<br>**ENDORSED HEREON** |

**NOW COMES THE PLAINTIFFS, Kosuru Associates, LLC, and Kosuru Properties, LLC,** by and through undersigned counsel, and states its Complaint against the named Defendant, as follows:

## I. The Parties

**1.** Plaintiff, Kosuru Associates, LLC, ["Plaintiff" or "Plaintiffs"] is a single member, Ohio limited liability company, and the owner of the real estate and structure located at 651 Old State Route 74, Union Township, Clermont County, Ohio, 45245 ["Clermont County property"].

**2.** Plaintiff, Kosuru Properties, LLC, ["Plaintiff" or "Plaintiffs"] is a single member, Ohio limited liability company, and the owner of the real estate and structure located at 7819 West Chester Road, West Chester Township, Butler County, Ohio, 45069 ["Butler County property"].

**3.** Mr. Madhava Kosuru is the sole member of both Kosuru Associates LLC, and Kosuru Properties, LLC, and resides in Warren County, Ohio.

**4.** Defendant, Frankenmuth Insurance Company, is a Michigan-based insurance company, which issued a commercial property insurance policy to the Plaintiffs which was in full force and effect at the time of the subject property loss.[1]

## II. Jurisdiction and Venue

**5.** As the parties are situated in and citizens of different states, diversity of citizenship exists. Additionally, this case involves an amount in controversy in excess of $75,000, exclusive of interest and costs. Thus, this Court has diversity jurisdiction under 28 U.S.C. §1332.

**6.** Venue is proper pursuant to 28 U.S.C §1391 (b)(1) because the asserted causes of action concern property in both Clermont County, Ohio, and Butler County, Ohio.

## III. Statement of Facts

**7.** On or about March 3, 2023, a substantial windstorm came through the southwest Ohio area, and caused damage to, *inter alia.,* the roofs of Plaintiffs' buildings in Clermont County, Ohio, and Butler County, Ohio.

---

[1] **A copy of the policy is not attached to this Complaint because it is in the possession, custody, or control of the Defendant.**

**8**. These properties were owned by and remain owned by the Plaintiffs and remain insured with Defendant Frankenmuth under a commercial policy of insurance.

**9.** Plaintiffs notified Defendant of these occurrences shortly thereafter and has satisfied all conditions precedent to pursue a bona fide and valid property loss claim under the subject Frankenmuth insurance policy, which was in full force and effect on the date of the subject losses.

**10.** Although Plaintiff duly reported the losses and fully cooperated with the Defendant following the subject windstorm event, Defendant failed to conduct a reasonable investigation of the losses.

**11.** As a result of the subject covered losses, there was substantial damage and/or destruction to the structure and/or the interior and/or contents and/or loss of use and/or additional damages at the subject properties.

**12.** Defendant wrongfully denied the claim(s) and/or certain portions of the claim(s) and/or processed the claim(s) in bad faith and/or made an inadequate, partial payment for the losses and/or otherwise engaged in wrongful acts and omissions in failing to indemnify the Plaintiffs for the covered loss.

**13.** Plaintiffs placed reasonable reliance in the Defendant that said Defendant would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiffs promptly for its property losses, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

### COUNT I: BREACH OF CONTRACT
### Kosuru Associates, LLC- Clermont County Property

**14.** Plaintiff restates and re-alleges each and every allegation contained in Paragraphs One through Thirteen (1-13) with the same force and effect as if fully rewritten herein.

**15.** Plaintiff placed reasonable and justifiable reliance upon the Defendant to perform the reasonable and necessary services to adjust the subject windstorm loss and to adequately indemnify Plaintiff for its subject loss.

**16.** Defendant owed a duty of good faith and fair dealing to the Plaintiff in carrying out its duties under the subject insurance policy.

**17.** Defendant breached its duty of good faith and fair dealing, by, *inter alia*, engaging in the following acts or omissions:

**(a)** failing to promptly and reasonably adjust and pay the Plaintiff's claim;

**(b)** failing to establish a reasonable justification for the denial of the Plaintiff's claim;

**(c)** taking advantage of the Plaintiff's vulnerable position in order to force the Plaintiff to accept an unfair settlement of the Plaintiff's claim;

**(d)** failing to properly inspect the site of the losses and to adequately and properly investigate the claim, with the wrongful intent to deny the Plaintiff's claims from its inception;

**(e)** failing to properly analyze the cause of the loss and/or the applicable coverage;

**(f)** failing to properly review the analysis contained in any reports related to the loss in its possession;

**(g)** failing to properly review the available evidence related to the loss;

**(h)** failing to perform a good faith analysis of the loss;

**(i)** failing to prepare a good faith estimate of damages caused by the loss;

**(j)** refusing Plaintiff's reasonable requests for information;

**(k)** failing to indemnify the Plaintiff for its losses and damages within a reasonable period of time;

**(l)** failing to properly train, supervise and/or instruct its adjusters and/or agents;

**(m)** failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

**(n)** failing to timely provide sufficient funds for the repairs and replacement of the subject property;

**(o)** failing to pay sufficient living expenses and/or loss of use expenses incurred by the Plaintiff, in accordance with the governing policy of insurance;

**(p)** failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject dwelling, as provided for in the subject policy of insurance;

**(q)** acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendant; and

**(r)** engaging in other wrongful acts or omissions to be shown at trial on the merits.

**18.** As a direct and proximate result of the above-referenced material breach of the insurance contract by the Defendant, Plaintiff has sustained losses and damages, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**19.** To the extent the conduct of the Defendant is shown to be willful, wanton, fraudulent, oppressive and/or done in conscious disregard for the property interests of the Plaintiff, then the Plaintiff is entitled to an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT II:  BAD FAITH
### Kosuru Associates, LLC- Clermont County Property

20. Plaintiff restates and re-alleges each and every allegation contained in Paragraphs One through Nineteen (1-19) with the same force and effect as though fully rewritten herein.

21.  As an insurer, Defendant and its management and personnel have the obligation to act in good faith in addressing coverage decisions, including, but not limited to, acting in good faith in the processing and adjustment of claims, upon the occurrence of a covered event.

22. Defendant's wrongful failure to promptly and reasonably adjust the subject claims, as alleged herein, constitutes a series of arbitrary and capricious acts, without a reasonable factual basis and/or legal justification, thereby constituting multiple acts of bad faith towards the insured, the Plaintiff.

23. As a direct and proximate result of Defendant's bad faith conduct, Plaintiff has been damaged in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

24. The conduct of the Defendant has been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiff, such that the Plaintiff is entitled to an award of punitive damages or exemplary damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT III: BREACH OF CONTRACT
### Kosuru Properties, LLC- Butler County Property

25.  Plaintiff restates and re-alleges each and every allegation contained in Paragraphs One through Twenty-Four (1-24) with the same force and effect as if fully rewritten herein.

**26.** Plaintiff placed reasonable and justifiable reliance upon the Defendant to perform the reasonable and necessary services to adjust the subject windstorm loss and to adequately indemnify Plaintiff for its subject loss.

**27.** Defendant owed a duty of good faith and fair dealing to the Plaintiff in carrying out its duties under the subject insurance policy.

**28.** Defendant breached its duty of good faith and fair dealing, by, *inter alia*, engaging in the following acts or omissions:

（a） failing to promptly and reasonably adjust and pay the Plaintiff's claim;

（b） failing to establish a reasonable justification for the denial of the Plaintiff's claim;

（c） taking advantage of the Plaintiff's vulnerable position in order to force the Plaintiff to accept an unfair settlement of the Plaintiff's claim;

（d） failing to properly inspect the site of the losses and to adequately and properly investigate the claim, with the wrongful intent to deny the Plaintiff's claims from its inception;

（e） failing to properly analyze the cause of the loss and/or the applicable coverage;

（f） failing to properly review the analysis contained in any reports related to the loss in its possession;

（g） failing to properly review the available evidence related to the loss;

（h） failing to perform a good faith analysis of the loss;

（i） failing to prepare a good faith estimate of damages caused by the loss;

（j） refusing Plaintiff's reasonable requests for information;

（k） failing to indemnify the Plaintiff for its losses and damages within a reasonable period of time;

**(l)** failing to properly train, supervise and/or instruct its adjusters and/or agents;

**(m)** failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

**(n)** failing to timely provide sufficient funds for the repairs and replacement of the subject property;

**(o)** failing to pay sufficient living expenses and/or loss of use expenses incurred by the Plaintiff, in accordance with the governing policy of insurance;

**(p)** failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject dwelling, as provided for in the subject policy of insurance;

**(q)** acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendant; and

**(r)** engaging in other wrongful acts or omissions to be shown at trial on the merits.

**29.** As a direct and proximate result of the above-referenced material breach of the insurance contract by the Defendant, Plaintiff has sustained losses and damages, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**30.** To the extent the conduct of the Defendant is shown to be willful, wanton, fraudulent, oppressive and/or done in conscious disregard for the property interests of the Plaintiff, then the Plaintiff is entitled to an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

### COUNT IV: BAD FAITH
### Kosuru Properties, LLC-Butler County Property

**31.** Plaintiff restates and re-alleges each and every allegation contained in Paragraphs One through Thirty (1-30) with the same force and effect as though fully rewritten herein.

**32.** As an insurer, Defendant and its management and personnel have the obligation to act in good faith in addressing coverage decisions, including, but not limited to, acting in good faith in the processing and adjustment of claims, upon the occurrence of a covered event.

**33.** Defendant's wrongful failure to promptly and reasonably adjust the subject claims, as alleged herein, constitutes a series of arbitrary and capricious acts, without a reasonable factual basis and/or legal justification, thereby constituting multiple acts of bad faith towards the insured, the Plaintiff.

**34.** As a direct and proximate result of Defendant's bad faith conduct, Plaintiff has been damaged in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**35.** The conduct of the Defendant has been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiff, such that the Plaintiff is entitled to an award of punitive damages or exemplary damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

### RELIEF REQUESTED

**WHEREFORE**, **Plaintiffs,** by and through counsel, demands the following relief:

**A.** Under Count I, Judgment in favor of Kosuru Associates, LLC, against Defendant, **Frankenmuth Insurance Company**, for the full value of the losses and damages alleged herein, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

**B.** Under Count II, Judgment in favor of Kosuru Associates, LLC, against Defendant, **Frankenmuth Insurance Company**, for an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

**C.** Under Count III**,** Judgment in favor of Kosuru Properties, LLC, against Defendant, **Frankenmuth Insurance Company**, for the full value of the losses and damages alleged herein, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

**D.** Under Count IV, Judgment in favor of Kosuru Properties, LLC, against Defendant, **Frankenmuth Insurance Company**, for an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

**E**. An award of reasonable attorney's fees and costs incurred in the prosecution of this action;

**F.** An award of pre-judgment interest; and

**G.** Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

*/s/Johanna Hutchins*
Johanna Hutchins [0069759]
Trial Attorney for Plaintiffs
Law Offices of Blake R. Maislin, LLC
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 130
(513) 721-5557 (FAX)
E-mail: jhutchins@maislinlaw.com

**JURY DEMAND**

      Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to, *inter alia*, Civil Rules 38 of the Federal Rule of Civil Procedure.

*/s/Johanna Hutchins*
Johanna Hutchins [0069759]
Trial Attorney for Plaintiffs
Law Offices of Blake R. Maislin, LLC
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 130
(513) 721-5557 (FAX)
E-mail: jhutchins@maislinlaw.com

**INSTRUCTIONS TO THE CLERK**

      Please issue Summons and serve the Summons and Complaint upon the named Defendant at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested. Should service be returned as **"UNCLAIMED,"** then please re-issue service to that Defendant, via regular U.S. mail service, postage prepaid.

*/s/Johanna Hutchins*
Johanna Hutchins [0069759]
Trial Attorney for Plaintiffs
Law Offices of Blake R. Maislin, LLC
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 130
(513) 721-5557 (FAX)
E-mail: jhutchins@maislinlaw.com