IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT (CINCINNATI)

| | |
|---|---|
| **KOSURU ASSOCIATES, LLC**<br>**3438 RIVERSIDE DRIVE**<br>**MASON, OH 45040**<br><br>And<br><br>**KOSURU PROPERTIES, LLC**<br>**3438 RIVERSIDE DRIVE**<br>**MASON, OH 45040**<br><br>           Plaintiffs,<br><br>-vs.-<br><br>**FRANKENMUTH MUTUAL INSURANCE COMPANY**<br>**C/O ANDREW H KNUDSEN, PRESIDENT**<br>**ONE MUTUAL AVENUE**<br>**FRANKENMUTH, MI 48788**<br><br>**Please Also Serve:**<br>**Frankenmuth Mutual Insurance Company**<br>**CT Corporation System**<br>**4400 Easton Commons Way, Ste 125**<br>**Columbus, OH 43219**<br><br>           Defendant. | Case No: 1:23-CV-782<br><br>Judge: Jeffery P. Hopkins<br><br><br>**FIRST AMENDED**<br>**COMPLAINT WITH**<br>**JURY DEMAND**<br>**ENDORSED HEREON** |

NOW COMES Plaintiffs, **Kosuru Associates, LLC and Kosuru Properties, LLC,** by and through undersigned counsel, and states their Complaint against the named Defendant, as follows:

## I. The Parties

1. Plaintiff, Kosuru Associates, LLC ("Plaintiff" or "Plaintiffs") is a single member, Ohio limited liability company, and the owner of the real estate and structure located at 651 Old State Route 74, Union Township, Clermont County, Ohio, 45245 ("Clermont County property").

2. Plaintiff, Kosuru Properties, LLC, ("Plaintiff" or "Plaintiffs) is a single member, Ohio limited liability company, and the owner of the real estate and structure located at 7819 West Chester Road, West Chester Township, Butler County, Ohio, 45069 ("Butler County property).

3. Madhava Kosuru is the sole member of both Kosuru Associates LLC, and Kosuru Properties, LLC, and resides in Warren County, Ohio.

4. Defendant, Frankenmuth Mutual Insurance Company, is a Michigan-based insurance company, which issued a commercial policy of insurance to the Plaintiffs.

5. A copy of the Policy is attached to this Complaint as Exhibit A.

6. The Policy was in full force and effect on March 03, 2023.

## II. Jurisdiction and Venue

7. As the parties are situated in and citizens of different states, diversity of citizenship exists.  Additionally, this case involves an amount in controversy in excess of $75,000, exclusive of interest and costs. Thus, this Court has diversity jurisdiction under 28 U.S.C. §1332.

8. Venue is proper pursuant to 28 U.S.C §1391 (b)(1) because the asserted causes of action concern property in both Clermont County, Ohio, and Butler County, Ohio.

### III. Statement of Facts

9. On or about March 3, 2023, a substantial windstorm came through the southwest Ohio area, and caused damage to, *inter alia.,* the roofs of Plaintiffs' buildings in Clermont County, Ohio, and Butler County, Ohio.

10. These properties were owned by and remain owned by the Plaintiffs.

11. Plaintiffs promptly notified Frankenmuth Mutual Insurance Company of the occurrence on or about March 03, 2023.

12. Plaintiffs fully cooperated with Frankenmuth Mutual Insurance Company following the March 03, 2023 loss.

13. Plaintiffs satisfied all conditions precedent to pursue a valid property loss claim under The Policy

14. Frankenmuth Mutual Insurance Company failed to conduct a reasonable investigation of the loss.

15. Frankenmuth Mutual Insurance Company failed to properly indemnify the Plaintiffs for the loss pursuant to the terms of The Policy.

16. Frankenmuth Mutual Insurance Company wrongfully processed the claim in bad faith, or otherwise engaged in wrongful acts and omissions in failing to fully indemnify the Plaintiffs for a covered loss.

17. Plaintiffs placed reasonable reliance on Frankenmuth Mutual Insurance Company that said Defendant would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiffs promptly for their property losses.

### COUNT I: BREACH OF CONTRACT

18. Plaintiffs restate and re-allege every allegation contained in the preceding paragraphs as if fully rewritten herein.

19. Plaintiffs had a valid contract of insurance in place with Defendant on March 03, 2023.

20. The valid contract of insurance applied, generally, to 651 Cincinnati Batavia Pike, Cincinnati, Clermont County, OH, 45245 and 7819 West Chester Road, West Chester Township, Butler County, OH, 45069.

21. Defendant breached the terms of that contract by failing to fully indemnify the Plaintiffs for their loss according to the terms of the contract.

22. Defendant breached the terms of that contract by failing to fully investigate, adjust the loss, and adequately indemnify the Plaintiffs according to the terms of the contract.

23. As a direct and proximate result of the breach of the insurance contract by Frankenmuth Mutual Insurance Company, Plaintiffs have sustained losses and damages, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT II:  BAD FAITH

24. Plaintiffs restate and re-allege every allegation contained in the preceding paragraphs as if fully rewritten herein.

25. Defendant, Frankenmuth Mutual Insurance Company, has an obligation to act in good faith when determining coverage for this claim.

26. Frankenmuth Mutual Insurance Company has a duty to act in good faith in adjusting the value of this claim.

27. Frankenmuth Mutual Insurance Company has an independent affirmative duty to act in good faith concerning its investigation and of a claim and communication with the Plaintiffs concerning this claim.

28. Plaintiffs placed reasonable and justifiable reliance upon Frankenmuth Mutual Insurance Company to investigate, communicate, adjust, and pay this claim.

29. Frankenmuth Mutual Insurance Company breached its duty of good faith and fair dealing by engaging in the following acts or omissions without reasonable justification:

  a. failing to pay the claim promptly.

  b. failing to pay an adequate amount for the claim.

  c. failing to establish a reasonable justification for the denial of the Plaintiffs' claim.

  d. failing to properly investigate the claim.

  e. failing to properly analyze the cause of the loss and/or the applicable coverage.

  f. failing to properly review the available evidence related to the loss.

  g. failing to prepare a good faith estimate of damage caused by the loss.

  h. refusing Plaintiffs' reasonable requests for information, to include refusing to speaking to the Plaintiffs' contractor.

  i. failing to properly train, supervise and/or instruct its adjusters and/or agents.

  j. failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims.

  k. failing to timely provide sufficient funds for the repairs and replacement of the subject property.

  l. failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject dwelling, as provided for in the subject policy of insurance.

      m.      acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendant; and

      n.      engaging in other wrongful acts or omissions to be shown at trial on the merits.

30. Frankenmuth Mutual Insurance Company's failure to properly indemnify the Plaintiffs for this covered loss is without reasonable justification.

31. Frankenmuth Mutual Insurance Company's failure to properly investigate this loss and properly communicate with the Plaintiffs is without reasonable justification.

32. As a direct and proximate result of Frankenmuth Mutual Insurance Company's bad faith conduct, Plaintiffs have been damaged in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

33. The conduct of Frankenmuth Mutual Insurance Company, has been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiffs, such that the Plaintiffs, are entitled to an award of punitive damages or exemplary damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs, Kosuru Associates, LLC and Kosuru Properties, LLC, by and through counsel, demands the following relief:

    **A.** Judgment against Defendant, **Frankenmuth Mutual Insurance Company**, for the full value of the losses and damages caused by Wind loss at the Clermont and Butler County Properties on or about **March 03, 2023**, in an amount, yet

to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

      **B.** Judgment against Defendant, **Frankenmuth Mutual Insurance Company**, for an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

      **C.** An award of reasonable attorney's fees and costs incurred in the prosecution of this action.

      **D.** An award of pre-judgment interest; and

      **E.** Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

  */s/ Johanna Hutchins*_____
Johanna Hutchins, Esq. 0069759
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
T: (513) 444-4444 Ext. 130
F: (513) 812-3690
E: jhutchins@maislinlaw.com
*Attorney for Plaintiffs*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable, pursuant to, *inter alia*, Civil Rules 38 and 39 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/ Johanna Hutchins*
Johanna Hutchins, Esq. 0069759
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
T: (513) 444-4444 Ext. 130
F: (513) 812-3690
E: jhutchins@maislinlaw.com
*Attorney for Plaintiffs*

## INSTRUCTIONS TO THE CLERK

Please issue Summons and serve the Summons and Complaint upon the named Defendant at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested. Should service be returned as **"UNCLAIMED,"** then please re-issue service to that Defendant, via regular U.S. mail service, postage prepaid.

Respectfully Submitted,

*/s/ Johanna Hutchins*
Johanna Hutchins, Esq. 0069759
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
T: (513) 444-4444 Ext. 130
F: (513) 812-3690
E: jhutchins@maislinlaw.com
*Attorney for Plaintiffs*